## RENNER v. THE STATE OF OHIO.

*Criminal law—Obtaining money by false pretense—Section 13104, General Code—Sufficiency of affidavit as to intent to defraud—Communicating with disembodied spirits and bringing messages from dead—Unnecessary to allege reliance upon false pretenses—Evidence of reliance upon false pretense, sufficient to sustain conviction—Error proceedings—Reversal of conviction upon weight of evidence.*

1. Affidavit that defendant falsely pretended, "with intent to defraud," that he was able to communicate with disembodied spirits and bring messages from the dead, and by such false pretenses obtained money from prosecuting witness, *held* sufficient and to comply with Section 13104, General Code, "with intent to defraud" applying to all elements of transaction.
2. In affidavit, under Section 13104, General Code, for obtaining money by false pretenses, it is unnecessary to allege that prosecuting witness relied on false pretenses.
3. Evidence that prosecuting witness relied on false pretenses alleged in affidavit is sufficient to sustain conviction.
4. Reviewing court cannot reverse judgment of conviction because evidence is conflicting or because it holds different view as to facts than that of tribunal below.
5. Conviction can only be reversed as a matter of law where evidence in record shows misapprehension, mistake, or error to such extent as to shock senses.

(Decided March 1, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Reuben H. Sacherow,* for plaintiff in error.
*Mr. E. C. Stanton,* prosecuting attorney, for defendant in error.

SULLIVAN, J. This cause comes into this court on error from the municipal court of the city

of Cleveland, where the defendant below, Renner, was convicted under Section 13104, General Code of Ohio, which, together with the affidavit upon which the warrant issued, reads as follows.

"Whoever, by false pretense and with intent to defraud, obtains anything of value, * * * if the value of the property * * * so procured * * * is thirty-five dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than three years, or, if less than that sum, shall be fined not less than ten dollars nor more than one hundred dollars or imprisoned not less than ten days nor more than sixty days, or both."

"Before me, J. S. Caine, deputy clerk of the municipal court of Cleveland, came Harry Houdini, who being duly sworn according to law, deposeth and saith, that on or about the 10th day of March, A. D. 1925, at the city of Cleveland, in the said county of Cuyahoga, one George Renner unlawfully did falsely pretend, with intent to defraud, to one Harry Houdini, that he, the said George Renner, is able to communicate with the disembodied spirits of dead persons, and that he is guided by the spirits of these dead human beings, namely; Jimmy Nolan, of Anderson, Ind., Louis Debois, of France, and an unnamed Indian chief; and that he, the said George Renner, is able to have living persons communicate with the dead and bring back messages from them, advising the living persons who desire information of future and past events, and that for the past forty years he, the said George Renner, has been and is now in communication with the spirits of the dead and by means of trumpets and other instruments he

has been able and is able to transmit these messages to living persons who desire information and messages from their deceased relatives and friends, by which said false pretense, the said George Renner did then and there unlawfully obtain from the said Harry Houdini certain money of the value of one dollar of the personal property of the said Harry Houdini, whereas in truth and in fact the said George Renner is not able to communicate with the spirits of the dead and is not guided by the spirits of Jimmy Nolan, of Anderson, Ind., Louis Debois, of France, and an unnamed Indian chief, and unable to bring living persons in communication with the dead, and has not for the past forty years been in communication with the spirits of the dead, and is unable by means of trumpets and other instruments to transmit messages to living persons who desire information from their deceased relatives and friends. And he, the said George Renner, at the time he so falsely pretended as aforesaid, well knew the said false pretenses to be false and further deponent says not, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Ohio.

"[Signed] Harry Houdini."

It appears that Renner, plaintiff in error, held himself out as a spiritualistic medium, and that Harry Houdini, a famous exposer of the occult, the prosecuting attorney of Cuyahoga county, Edward C. Stanton, and Louis Selzer, representative of the press, attended an alleged seance conducted by the plaintiff in error, and money charged by Renner was paid by the said Houdini, and there-

upon the seance progressed, and it is claimed that in its midst the said Houdini was able, by reason of some circumstance occurring during the seance, to expose the same as a fake. Houdini testified that he relied upon the statements made by Renner that he was able to call up the spirits of the dead. It seems that a newspaper man and the prosecuting attorney were present, the former as a representative of the press and the latter as the prosecuting attorney of the county, charged with the obligations of the criminal statutes of Ohio.

We have examined the affidavit in order to ascertain whether the attack upon its sufficiency in respect to charging that the defendant below had the intent to defraud is well founded. We have come to the conclusion that the words, "with intent to defraud," apply to all the elements of the transaction as evolved by the affidavit, and thus are of the opinion that in this respect the affidavit is sufficient and complied with the statute.

In *Schleisinger* v. *State,* 11 Ohio St., 669, an indictment under Swan & Critchfield's Stat., 429, now Section 13104, General Code, is held good if it contains the following essentials:

First. The making of some false pretense.

Second. The obtaining thereby from another person money, goods, merchandise.

Third. Obtaining the same with the intent to cheat or defraud the person from whom the property was obtained.

We think the affidavit here satisfies these demands of the law.

Another question is raised, to the effect that the affidavit was insufficient, inasmuch as it is claimed that it does not charge that Houdini relied upon

the false pretense. We think there is a distinction between civil and criminal cases in this respect, and it appears to be settled by the authorities that in civil cases the question of reliance is an essential element. The affidavit, however, is founded upon the statute, and nowhere does the statute specify the necessity for reliance excepting as it may arise from the statute as a necessary fact. Where a false pretense and the payment of money exist, there could be no other conclusion than that there was a reliance under the law, but we do not think it was necessary to incorporate this in the affidavit. This appears by the holding in the *Schleisinger case, supra.*

The evidence shows, without challenge, that Houdini relied upon the alleged false pretense, and we are of the opinion that this was sufficient.

It is further charged that the court below committed error on the ground that the conviction is clearly and manifestly against the weight of the evidence. A reviewing court cannot reverse because the evidence is conflicting, or because it holds a different view than the tribunal below as to the facts. A judgment can only be reversed as a matter of law, measuring the record by the rules of the criminal law to determine whether there projects from the record evidence of a misapprehension, or a mistake, or an error on the part of the court below to such an extent as to shock the senses. We find no error in this respect.

Holding these views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

LEVINE, P. J., and VICKERY, J., concur.